United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Greenview Hotel LLC, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-24235-Civ-Scola |
| | ) | |
| Great Lakes Insurance SE, Defendant. | ) ) | |

## Order Remanding Case to State Court

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, in this first-part property insurance claim, upon removal from state court, the Court concludes it does not have subject-matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege facts showing federal subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Under 28 U.S.C. § 1332(a)(2), a district court has jurisdiction over a case "between . . . citizens of a State and citizens or subjects of a foreign state." Such "alienage jurisdiction," however, "prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (citing *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000)). Here, in its notice of removal, Defendant Great Lakes Insurance SE sets forth facts establishing that the "Plaintiff is a citizen of Florida and Argentina and Defendant is a citizen of Germany." (Def.'s Not., ECF No. 1, 6.) And the underlying factual allegations bear this out: Plaintiff Greenview Hotel LLC has two members, one of whom is a citizen of Florida and the other of Argentina;[*] and Great Lakes Insurance, essentially the equivalent of a United States corporation, is effectively incorporated in Germany, with its principal place of business also in Germany. (*Id.* at 4–6.) Because there are entities on

---

[*] In the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is, therefore, a citizen of any state of which a member is a citizen. *Id.* at 1022.

both sides of this case with foreign citizenship, without the concomitant presence of United States citizens on both sides, alienage diversity is lacking. "Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364–65 (11th Cir. 2018); *Iraola*, 232 F.3d at 860 ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides.").

    Because it is clear the Court lacks subject-matter jurisdiction over this case, the Court remands it back to state court. *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) ("The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."); 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt **remand** of this action and transfer this file back to the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

    **Done and ordered** in Miami, Florida, on January 4, 2023.

                                               Robert N. Scola, Jr.
                                               United States District Judge